OPINION
{¶ 1} Appellant, Devon Lyles, appeals a judgment of the Allen County Common Pleas Court sentencing him to eight years in prison. Lyles asserts that his resentencing, pursuant to the mandate in State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, was improper because it retroactively applied sentencing laws in violation of his right to be free from ex post facto laws. For the reasons articulated by this court in State v. McGhee, 3rd Dist. No. 17-06-05,2006-Ohio-5162, we affirm the judgment of the trial court.
 {¶ 2} On June 29, 2004, Lyles was convicted by a jury of two counts of trafficking in cocaine, felonies of the second degree, in violation of R.C. 2925.03(A), (C)(4)(e), one count of trafficking in cocaine, a felony of the third degree, in violation of R.C. 2925.03(A)(C)(4)(d), and one count of permitting drug abuse, a felony of the fifth degree, in violation of R.C. 2925.13(A), (C)(3). On August 4, 2004, a sentencing hearing was conducted, at which time, Lyles was sentenced to three years in prison on each of the first two counts, two years on count three and ten months on count four. The court further ordered that the sentences on the first three counts be served consecutively, with the sentence on count four to be served concurrently, for a total of eight years of incarceration.
 {¶ 3} Thereafter, Lyles filed a direct appeal of his sentence. Ultimately the Supreme Court of Ohio reversed his sentence and remanded the matter to the trial court for resentencing pursuant to its decision in Foster.
 {¶ 4} On July 11, 2006, a new sentencing hearing was held whereat the trial court sentenced Lyles to the identical eight-year sentence as previously imposed. From this sentence, Lyles takes the instant appeal, setting forth a single assignment of error:
The sentence imposed on remand was imposed pursuant to ajudicially created version of Ohio sentencing laws that, appliedretroactively to Mr. Lyles, violated his right to freedom from expost facto laws.
 {¶ 5} Lyles argues that the application of Foster to his sentence violates the ex post facto clause of the United States Constitution and that his due process rights are violated because the effect of Foster is to create an ex post facto law. He contends that the retroactive application of Foster increases the penalty for his offense that was committed prior to the decision in Foster. Lyles also argues that pursuant to Bouiev. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, the application of Foster has unconstitutionally deprived him of his right to fair warning of a criminal prohibition.
 {¶ 6} However, for the reasons articulated by this court inMcGhee, we find no merit in Lyles' argument that the sentence violates due process rights. A jury found Lyles guilty on June 29, 2004. He was sentenced to an eight-year term of incarceration on August 4, 2004. He filed an appeal with this court, and we affirmed the trial court's judgment and sentence. Lyles then filed an appeal with the Supreme Court of Ohio. The Supreme Court announced its decision in Foster on February 27, 2006, and thereafter reversed the judgment of this court and remanded the case to the trial court for resentencing.
 {¶ 7} On July 11, 2006, the trial court resentenced Lyles to the same eight years imprisonment as before. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000),530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur. This supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for Lyles' felonies has remained unchanged, so he had notice of the potential sentence for his offenses. Therefore, we find Lyles' assignment of error without merit and overrule the same.
 {¶ 8} For the foregoing reasons, the judgment of the Allen County Common Pleas Court is hereby affirmed.
Judgment Affirmed.
 Rogers and Shaw, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)